## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| KINGSLEY ARIEGWE, | **Cause No. CV 23-48-GF-BMM** |
| Petitioner, | |
| vs. | **ORDER** |
| PETE BLUDWORTH; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Petitioner Kingsley Ariegwe ("Ariegwe") filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 11, 2023. (Doc. 1.) Ariegwe is a state prisoner proceeding pro se and in forma pauperis. (Doc. 5.)

Federal law requires the Court to screen all incarcerated people's habeas petitions. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the petitioner raises legally frivolous claims or claims that fail to state a basis upon which the Court may grant relief. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. The Court lacks jurisdiction over Ariegwe's successive petition. The Court will dismiss the petition for this reason.

## I.   28 U.S.C. § 2254

The present petition represents the tenth petition Ariegwe has filed in this Court. He filed the first petition in 2008. The Court dismissed that petition with prejudice for lack of merit.  The 2008 petition, which challenged his 2004 conviction for attempted sexual intercourse without consent and unlawful transactions with minors, was dismissed with prejudice for lack of merit. *See Ariegwe v. State*, No. CV 08-79-GF-SEH-RKS (D. Mont. Apr. 21, 2009). Ariegwe filed another habeas petition in 2011, and the Court dismissed it as successive.  and was dismissed as second or successive. *Ariegwe v. Mahoney*, No. CV 11-79-H-DWM (D. Mont. Aug. 31, 2011). The Court has dismissed the remaining previous petitions for similar reasons. *See Ariegwe v. Kirkegard*, No. CV 12-37-GF-SEH (D. Mont. judgment entered June 13, 2012);  *Ariegwe v. Kirkegard*, No. CV 12-101-GF-SEH-RKS (D. Mont. judgment entered Dec. 17, 2012); *Ariegwe v. Kirkegard*, No. CV 13-91-GF-DWM-RKS (D. Mont. judgment entered Nov. 12, 2013); *Ariegwe v. Kirkegard*, No. CV 13-91-GF-DWM-RKS (D. Mont.Nov. 12, 2013); *Ariegwe v. Kirkegard*, No. CV 14-60-GF-DLC-RKS (D. Mont. Sept. 22, 2014). *Ariegwe v. Kirkegard*, No. CV 15-96-GF-DLC (D. Mont. Oct. 30, 2015); *Ariegwe v. Kirkegard*, No. CV 16-23-GF-DLC (D. Mont. March 22, 2016); *Ariegwe v. Bludworth et al*., No. CV 22-34-GF-BMM (D. Mont. Aug. 4, 2022). The Court previously has explained that "even if Mr. Ariegwe could prove his innocence to this Court beyond a shadow of a doubt .

. . this Court would still lack jurisdiction to hear his case unless and until Mr. Ariegwe obtains leave from the Court of Appeals to file in this Court." *Ariegwe v. Kirkegard*, No. CV 14-60-GF-DLC-RKS (Sept. 22, 2014). The Court also has explained that it lacks jurisdiction to consider successive challenges to a conviction and that the Ninth Circuit must pre-authorize the filing of a successive petition before the Court could consider it under 28 U.S.C. § 2244(b)(3)(A). *See id.*

Ariegwe recently filed a state habeas petition again challenging his 2004 conviction, in which he raised seven issues including ineffective assistance of counsel ("IAC") and a claimed equal protection violation. The Montana Supreme Court determined that Ariegwe remained procedurally barred from raising such issues when he had exhausted his remedy of appeal. *Ariegwe v. State*, OP 23-0261, at *2 (Mont. May 23, 2003). The Court noted it previously had addressed his IAC claims and that his jurisdictional and equal protection claims came too late and via the wrong remedy. *Id.* The petition was denied and dismissed. *Id.* at *3.

Ariegwe again seeks to challenge his 2004 conviction in this Court and raises seven claims similar to those raised before the Montana Supreme Court. (Doc. 1 at 4-5, 9-11.) Ariegwe seems to suggest that a recent Montana case, *In re: Lawellin*, PR 22-0418, Or. (Mont. Nov. 29, 2022), involving attorney disciplinary proceedings, supplies this Court with the requisite subject matter jurisdiction and simultaneously allows him to bypass any federal procedural bars that stand in his

way.  (*Id*. at 4); *see also* (Doc. 2 at 18-26.)  The Court disagrees.

Ariegwe previously has been advised of the relevant filing requirements.  The Court continues to lack jurisdiction to consider his latest challenge to the 2004 conviction unless and until the Ninth Circuit authorizes him to file a successive petition.  *See Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).  Ariegwe may not proceed with a petition before the Court in the absence of such authorization.

## II.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2254 Proceedings.  A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).    The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Ariegwe has not made a substantial showing that he was deprived of a constitutional right.  The Court will deny the certificate of appealability.

## ORDER

Accordingly, IT IS ORDERED that:

1.  Ariegwe's Petition (Doc. 1) is DISMISSED for lack of

jurisdiction as an unauthorized successive petition under 28 U.S.C. § 2254.

2.  The Clerk of Court is directed to enter a judgment of dismissal.

3.  A certificate of appealability is DENIED.

DATED this 16th day of August, 2023.

_____
Brian Morris, Chief District Judge
United States District Court